**DONG ZENG YANG, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

**No. 04–1952–ag.**

United States Court of Appeals, Second Circuit.

May 25, 2006.

Dehai Zhang, Flushing, NY, for Petitioner.

Robert D. Nesler, Assistant United States Attorney (Karin J. Immergut, United States Attorney, on the brief), District of Oregon, Portland, OR, for Respondent.

Present RALPH K. WINTER, DENNIS JACOBS, Circuit Judges, JOHN F. KEENAN,\*\* District Judge.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the Board of Immigration Appeals be **AFFIRMED** and that the petition for review be **DENIED.**

Dong Zeng Yang petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the denial by an Immigration Judge ("IJ") of his applications for asylum, withholding of removal, and relief

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

\*\* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

under the Convention Against Torture ("CAT"). We assume familiarity with the facts, the procedural history, and the issues on appeal.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we ... review the IJ's decision including the portions not explicitly discussed by the BIA." *Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Gao v. Attorney General,* 400 F.3d 963, 964 (2d Cir.2005).

The IJ's adverse credibility determination is sufficiently supported by the following reasons relied on by the BIA: the IJ's demeanor finding, an omission from Yang's application and direct testimony, and inconsistencies within Yang's testimony. First, the IJ noticed a change in Yang's demeanor when questioned about why he came to the United States, suggesting to the IJ that Yang's testimony was based on the recollection of previous statements rather than actual events. *See Tu Lin v. Gonzales,* 446 F.3d 395 (2d Cir.2006) (according IJ great deference in making demeanor findings because "[d]emeanor is virtually always evaluated subjectively and intuitively"). Second, Yang testified on cross-examination that authorities had threatened him with sterilization, but omitted this from his application and direct testimony; the IJ considered, but found wanting, Yang's uncompelling explanation that he omitted this event because he did not think it important. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 76 (2d Cir. 2004) (holding that petitioner who urges on appeal that the fact-finder should have adopted an explanation for confusion, inconsistency, or incompleteness "must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony") (internal quotation marks omitted). Third, Yang appeared confused about whether his wife was threatened with sterilization, or an IUD, or an examination. Fourth, Yang's application and testimony differed regarding the sequence of events that preceded his wife's forced abortion.[1] These findings are sound and have direct bearing on Yang's asylum claim. We can confidently predict that the IJ would adhere to his decision even in the absence of those of his findings that were not relied on by the BIA. *See Xiao Ji Chen v. DOJ,* 434 F.3d 144, 162 (2d Cir. Jan.6, 2006).

Because the IJ's credibility determination has a "fatal effect on the factual basis of Yang's CAT claim," that claim fails as well. *See Xue Hong Yang v. DOJ,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED.

---

1. The IJ did not afford Yang an opportunity to explain the inconsistencies between his application and testimony with respect to the circumstances of his wife's forced abortion. However, the narrative recounted in Yang's application—that he followed the officials who took his wife to a hospital, but was denied entry there—is " 'self-evident[ly]' inconsistent with his later testimony," *Ye v. Department of Homeland Security,* 446 F.3d 289, 295–96 (2d Cir.2006) (quoting *Ming Shi Xue v. BIA,* 439 F.3d 111, 118 (2d Cir. 2006))—that officials took his wife to a birth control office and then "health clinic," and that Yang fled after quarreling with officials at the birth control office.